UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| WILLIAM MCINTOSH,    Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 25-2092 |
| FELICIA ADKINS *et al.*,    Defendants. | ) ) ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C § 1983 by Plaintiff William McIntosh, an inmate at Dixon Correctional Center. Plaintiff also filed a Motion for Counsel (Doc. 5).

**I.   Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff's pleading alleges constitutional violations at Danville Correctional Center against former Warden Felicia Adkins and Dr. Nitin Thapar.

On October 6, 2023, Plaintiff went on crisis watch. Plaintiff alleges that the corrections officer in charge of inventorying his individual property did not provide an itemized inventory listing and that another corrections officer allowed an inmate to steal his property, which included clothing, commissary items, and prescription tinted eyeglasses. Plaintiff asserts the inmate later sold his property. (Pl. Compl., Doc. 1 at 5.)

Plaintiff suffers from scleritis, which causes light sensitivity. Plaintiff asserts that he cannot see without his glasses, which provide the protection he requires due to his medical condition, especially when outdoors. (Pl. Compl., Doc. 1 at 5.) Plaintiff claims that Defendant Adkins denied the many grievances he submitted regarding the acquisition of another pair of prescription-tinted glasses, the absence of which causes Plaintiff excruciating migraines. (*Id*. at 6.)

Plaintiff claims that Defendant Thapar has forced the involuntary administration of psychotropic drugs because of a "feud" between Plaintiff and Defendant Adkins. (*Id*.)

**C. Analysis**

Plaintiff's assertion that a corrections officer allowed the misappropriation of Plaintiff's individual property does not state a § 1983 claim. *See Lucien v. Johnson*, 61 F.3d 573, 576 (7th Cir. 1995) (holding that if an inmate's "property was merely lost, or was

stolen not by prison guards but by other inmates, then [the plaintiff] has no federal constitutional claim even if the loss or theft would not have occurred but for the negligence or even the gross negligence of the prison's employees").

Additionally, under the Supreme Court decisions, *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson*, "persons who complain about the unauthorized loss or destruction of their property must seek compensation in state court rather than under §1983. *Hudson*, 468 U.S. at 533 (holding the intentional, unauthorized deprivation of property does not violate the Constitution, provided that adequate remedies are available under state law); *see also Lyons v. Dart*, 901 F.3d 828, 830 (7th Cir. 2018); *Daniels v. Williams*, 474 U.S. 327, 330 (1986) ("mere negligence could not 'wor[k] a deprivation in the *constitutional sense*.'" (quoting *Parratt*, 451 U.S. at 548.) (emphasis in original).

In Illinois, an inmate has an adequate remedy in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993) (citing 705 ILCS 505/8); *see also Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015) ("The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property.").

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is

sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff asserts Defendant Adkins was made aware that his lack of tinted prescription glasses was causing his migraines through the grievance process, which is sufficient to state an Eighth Amendment deliberate indifference claim against Adkins at the screening stage. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (concluding that to establish adequate notice to the prison official of a violation of the Eighth Amendment, a plaintiff "has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Supreme Court recognizes that inmates have "a 'significant liberty interest,' created by the due process clause of the Fourteenth Amendment, in 'avoiding the unwanted administration of antipsychotic drugs'—drugs used to treat mental disorders by 'alter[ing] the chemical balance in a patient's brain, leading to changes, intended to be beneficial, in his or her cognitive processes.'" *Johnson v. Tinwalla*, 855 F.3d 747, 748 (7th Cir. 2017) (quoting *Washington v. Harper*, 494 U.S. 210, 221, 229 (1990)); *see also Washington*, 494 U.S. at 221-22 ("[An inmate] possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the

Fourteenth Amendment."). However, "a prisoner's interest in liberty gives way if the state establishes, by a medical finding, that the prisoner has a mental disorder likely to cause harm to himself or others unless he is treated with an antipsychotic drug." *Johnson*, 855 F.3d at 749; *see also Washington*, 494 U.S. at 227 ("[G]iven the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest.").

Plaintiff claims Defendant Thapar has forced the involuntary administration of psychotropic drugs, which is sufficient to state a Fourteenth Amendment due process claim against Thapar.

## II.  Counsel and Status

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his

threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Counsel (Doc. 5) is DENIED.

2) According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Adkins and a Fourteenth Amendment claim against Defendant Thapar. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer

   is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

8) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

10) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

11) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

12) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED March 2, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE